| APPEAL NO. | COMPONENT | FBI OFFICE | FOIPA NO. | BLITZER | REV'D ON: | ***NO. |
|---|---|---|---|---|---|---|
| 06-0524 | FBI | Miami | 1024779 | KAM | 5/23/06 | |

## REQUEST:

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 6/25/05<br>Rec'd: | Crisman, Nancy Gale | Yes / No | Yes / No |
| SUBJECT OF REQUEST | Self | | |

## AGENCY RESPONSE:

| SEARCH | Initial: | HQ | FO: | | Auto | Manual | Main | Cross | ELSUR | Date: |
|---|---|---|---|---|---|---|---|---|---|---|
| | Second: | HQ | FO: | | Auto | Manual | Main | Cross | ELSUR | Date: |
| RESPONSIVE FILES | | | | | | | | | | |

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 11/4/05 | Full Denial | 1 | | | 1 | | |
| FOIA | B1, J2 | | | | | PA | |

## APPEAL:

| APPEAL DATE | Dated: 11/21/05<br>Rec'd: | AGENCY CONTACT | Exemption 6, 7C | PHONE NUMBER |
|---|---|---|---|---|
| ARGUMENTS ON APPEAL | unclear | | | |

| RECOMMENDATION | **Affirm B1, send to DCR for declassification review** |
|---|---|

NOTES:

Requester submitted a request to the Miami FO. One page was located and classified on 11/3/05. FBI subsequently withheld in full the page pursuant to B1. I will affirm the B1 withholding and request that it be sent to DCR for declassification review.

ADDED No QUESTIONS Rtch

Ex. A

| APPEAL NO. | COMPONENT | REQUEST NO. | BLITZER | REV'D ON: |
|---|---|---|---|---|
| 08-1817 | OIP | OIP/07-R0771 | SJV | 9/3/09 |

## REQUEST:

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 7/10/07 Rec'd: | Mark Zaid | No | No |
| SUBJECT OF REQUEST | Records related to a provision in 2001 Intelligence Authorization Act | | |

## AGENCY RESPONSE:

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 9/6/07 | Full Denial | | | | 8 | | |
| FOIA | B5 | | | | | PA | |

## APPEAL:

| DATE OF APPEAL | Dated: 5/19/08 Rec'd: 5/21/08 | AGENCY CONTACT | | PHONE NUMBER | |
|---|---|---|---|---|---|
| ARGUMENTS ON APPEAL | General | | | | |

| RECOMMENDATION | Affirm B5 |
|---|---|

NOTES:
    Rather than include the entire IR file (which is quite large) I made a copy of the relevant portion and include it with this appeal file.
    A total of 8 pages of responsive documents were found. All eight were withheld in full per B5. I've highlighted the IR staff's rationale for using B5 in their "case notes."
    The document marked "OPR 224-A" appears to be a draft (although not marked as such) and I recommend affirming B5 for those 2 pages.
    The document marked "CRIM-3A" is a list of suggested changes to made to pending legislation - B5 is appropriate for these 3 pages as well.
    The document marked "OPR 224" appears to be a final decision - but this very document was the subject of litigation (among other records) in Gerstein v. CIA, et al. 06-4643 (NDCA). In that litigation, OIP filed a declaration and Vaughn index. These 3 pages are listed on the Vaughn index as "Group 5" as being withheld in full per B5. I therefore recommend affirming.
    The declaration and Vaughn index was signed by MAP on 7/30/07 and is available in VRB's directory, Lit folder, Closed Lit, Gerstein, Gerstein Final Declaration and Vaughn.pdf.   Exemption 5

UPDATE 9/3/09:
    After talking with Vanessa, Doug, and Carmen, it was decided that a discretionary release was not appropriate.

    ↳ 9/8/09 - Per the IR case notes of 8/30/07; IR staff was acting on behalf of OIP, even though the responsive records were OLP. (See Tab I)

| APPEAL NUMBER | OFFICE | FILE ORIGINATION | BLITZER | REVIEW |
|---|---|---|---|---|
| 08-2543 | AG | 2007-R0855 | BVE/ SF | 17 MAR 09 |

| REQUEST | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated - 18 Jul 07 <br> Rec'd - | Mark Zaid / James Madison Prjt | Yes (No) <br> State / Federal | YES |

| SUBJECT | |
|---|---|
| 1. "all internal DoJ documents pertaining to discussions concerning the Office of the Vice President compliance with EO 12958 through the submission of reports to ISOO." <br> 2. | First Party <br> (Third Party) <br> (Other) <br> Exped. Process. <br> Fee Waiver |

09 Aug 07 - OIP acknowledgment letter

| RESPONSE | ACTION | REVIEWED | RELEASED | WITHHELD | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 24 Aug 07 | Interim Response-NR for OIP & PAO; Still searching AG, DAG, ASG, OLP & IPS | — | — | — | — | |
| 28 Sep 07 | Interim Response - NO RECORDS | | | | | |

FOLLOWING AG EXEC SEC Search

| (No Records) | Full Denial | Partial Release | Full Release | Referral Out | Lost/Destroyed |
|---|---|---|---|---|---|
| Pre-Processed | Fee Waiver Denial | No Cert. of ID | No Privacy Waiver | Referral In | Untimely Appeal |

| PA 552A(B) | D5 | J2 | K1 | K2 | K3 | K4 | K5 | K6 | K7 | Excl. C1, C2, C3 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOIA | B1 | B2 | B3 | B4 | B5 | B6 | B7A | B7B | B7C | B7D | B7E | B7F |

| REFERRALS | | |
|---|---|---|

| APPEAL | VAUGHN INDEX | FOIA/PA SPECIALIST | EXTENSION |
|---|---|---|---|
| Dated - 19 Aug 08 <br> Rec'd - 20 Aug 08 | Yes (No) | Nick Delaney | |

| APPEALING | 1. ISOO requested legal advice, and evidence shows OLC responded. <br> 2. Congress also requested info from the AG on this subject <br> 3. OLC has admitted to having 96 documents; SMOs surely have some | |
|---|---|---|

Exhibits provided by Requester: ① 9 JAN 07 letter from ISOO to the AG requesting legal opinion on the status of the OVP ② 27 June 07 letter from heads of 3 House Committees asking for same information.

| RECOMMENDATION | (AFFIRM) | REMAND | SUPP. RELEASE | CLOSE |
|---|---|---|---|---|
| | NO RECORDS | | | |

| APPEAL NUMBER | OFFICE | REQUEST NUMBER | BLITZER | REVIEW |
|---|---|---|---|---|
| 08-2543 | A6 | 2007-R0855 | BVE/ | |

( Appeal notes - )

- Beyond the EXEC SEC search, the 12 Staff on ~~JAN AUG 08~~ 22 AUG 07 asked the A6 staff to complete a search form advising whether they believed they could have responsive records. None of the 16 staffers indicated that they had responsive records. OIP's memo asked the A6's office to actually conduct individual searches, including a search for e-mail.

Exemption 5

- The EXEC SEC documentation suggests that the A6's office received from 1500 and forwarded to OLC. ██████████ ██████████ ..., just EXEC SEC? The EXEC SEC records do mention the drafting of a letter for the A6's signature.

██████████████████████████████████████████████

19 MAR 09 - Discussed with Laurie Day -        Exemption 5

| APPEAL NUMBER | OFFICE | FILE ORIGINATION | BLITZER | REVIEW |
|---|---|---|---|---|
| 08-2544 | DAG | 2007-R0856 | SF | May 15, 2009 |

| REQUEST | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated - 18 July 2007<br>Rec'd - 1 August 2007 | Mark Zaid/James Madison Project | Yes / No<br>State / Federal | YES |

| SUBJECT | |
|---|---|
| All internal Department of Justice documents that pertain to compliance by the Office of the Vice President with the reporting requirements of Executive Order 12,958, as amended, through submission of reports to ISOO. | First Party<br><br>Third Party<br><br>Other<br><br>Exped. Process.<br><br>Fee Waiver |

| RESPONSE | ACTION | REVIEWED | RELEASED | WITHHELD | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 09 AUG 07<br>24 AUG 07<br><br><br>28 SEPT 07<br><br>1 MAY 08 | Acknowledgment letter<br>Interim response - NR for OIP & PAO; still searching AG, DAG, ASG, OLP & IPL<br>Interim response - still searching DAG (& others)<br>No records at DAG | | | | | |

| No Records | Full Denial | Partial Release | Full Release | Referral Out | Lost/Destroyed |
|---|---|---|---|---|---|
| Pre-Processed | Fee Waiver Denial | No Cert. of ID | No Privacy Waiver | Referral In | Untimely Appeal |

| PA 552A(B) | D5 | J2 | K1 | K2 | K3 | K4 | K5 | K6 | K7 | Excl. C1, C2, C3 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOIA | B1 | B2 | B3 | B4 | B5 | B6 | B7A | B7B | B7C | B7D | B7E | B7F |

| REFERRALS | | | |
|---|---|---|---|
| | | | |

| APPEAL | VAUGHN INDEX | FOIA/PA SPECIALIST | EXTENSION |
|---|---|---|---|
| Dated - 19 AUG 08<br>Rec'd - 20 AUG 08 | Yes / No | Nick Delaney | |

| APPEALING | 1. ISOO sought legal advice, and evidence suggests OLC responded<br>2. Congress also requested information from the AG on this subject<br>3. OLC has admitted to having 96 documents, SMOs surely have some. |  |
|---|---|---|

| Exhibits provided by requester - 9 JAN 07 letter from ISOO to AG requesting legal status of OVP; 27 June 07 letter from heads of three House committees asking for the same information. |
|---|

| RECOMMENDATION | AFFIRM    REMAND    SUPP. RELEASE    CLOSE |
|---|---|
| | ODAG sent letter on 14 APR 08 stating the office had no responsive records. OIP's memo (10 AUG 07; resent 21 MAR 08) asked for search to include review of electronic records, including emails and archived emails. |

| PPEAL NUMBER | OFFICE | FILE ORIGINATION | BLITZER | REVIEW |
|---|---|---|---|---|
| 08-2545 | ASG | 2007-R0857 | SF | May 15, 2009 |

| REQUEST | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated - 18 July 2007<br>Rec'd - 1 August 2007 | Mark Zaid/James Madison Project | Yes / No<br>State / Federal | YES |

| SUBJECT | |
|---|---|
| All internal Department of Justice documents that pertain to compliance by the Office of the Vice President with the reporting requirements of Executive Order 12,958, as amended, through submission of reports to ISOO. | First Party |
| | Third Party |
| | Other |
| | Exped. Process. |
| | Fee Waiver |

| RESPONSE | ACTION | REVIEWED | RELEASED | WITHHELD | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 09 AUG 07 | Acknowledgment letter | | | | | |
| 24 AUG 07 | Interim response - NR for OIP & PAO; still searching AG, DAG, ASG, OLP & IPL | | | | | |
| 6 SEPT 07 | Interim response -no records at ASG | | | | | |

| No Records | Full Denial | Partial Release | Full Release | Referral Out | Lost/Destroyed |
|---|---|---|---|---|---|
| Pre-Processed | Fee Waiver Denial | No Cert. of ID | No Privacy Waiver | Referral In | Untimely Appeal |

| PA 552A(d) | D5 | J2 | K1 | K2 | K3 | K4 | K5 | K6 | K7 | Excl. C1, C2, C3 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOIA | B1 | B2 | B3 | B4 | B5 | B6 | B7A | B7B | B7C | B7D | B7E | B7F |

| REFERRALS | |
|---|---|
| | |

| APPEAL | VAUGHN INDEX | FOIA/PA SPECIALIST | EXTENSION |
|---|---|---|---|
| Dated - 19 AUG 08<br>Rec'd - 20 AUG 08 | Yes / No | Nick Delaney | |

| APPEALING | 1. ISOO sought legal advice, and evidence suggests OLC responded<br>2. Congress also requested information from the AG on this subject<br>3. OLC has admitted to having 96 documents, SMOs surely have some. | |
|---|---|---|

Exhibits provided by requester - 9 JAN 07 letter from ISOO to AG requesting legal status of OVP; 27 June 07 letter from heads of three House committees asking for the same information.

| RECOMMENDATION | AFFIRM | REMAND | SUPP. RELEASE | CLOSE |

ASG sent letter on 30 AUG 07 stating the office had no responsive records. None of the 21 staffers said they had responsive records. OIP's memo dated 10 AUG 07 asked for search to include review of electronic records, including emails and archived emails.

| ++APPEAL NUMBER | OFFICE | FILE ORIGINATION | BLITZER | REVIEW |
|---|---|---|---|---|
| 08-2546 ✓ | OLP | 2007-R0858 ✓ | SF | May 18, 2009 |

| REQUEST | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated - 18 July 2007<br>Rec'd - 1 August 2007 | Mark Zaid/James Madison Project ✓ | Yes / No ✓<br>State / Federal | YES ✓ |

| SUBJECT | | First Party |
|---|---|---|
| All internal Department of Justice documents that pertain to compliance by the Office of the Vice President with the reporting requirements of Executive Order 12,958, as amended, through submission of reports to ISOO. | | Third Party |
| | | Other |
| | | Exped. Process. |
| | | Fee Waiver |

| RESPONSE | ACTION | REVIEWED | RELEASED | WITHHELD | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 09 AUG 07<br>AUG 24, 31/SEPT 6<br>21 SEPT 07 | Acknowledgment letter<br>Interim responses - still searching<br>Interim response - NR for OLP ✓ | | | | | |

| No Records | Full Denial | Partial Release | Full Release | Referral Out | Lost/Destroyed |
|---|---|---|---|---|---|
| Pre-Processed | Fee Waiver Denial | No Cert. of ID | No Privacy Waiver | Referral In | Untimely Appeal |

| PA 552A(B) | D5 | J2 | K1 | K2 | K3 | K4 | K5 | K6 | K7 | Excl. C1, C2, C3 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOIA | B1 | B2 | B3 | B4 | B5 | B6 | B7A | B7B | B7C | B7D | B7E | B7F |

| REFERRALS | | | |
|---|---|---|---|
| | | | |

| APPEAL | VAUGHN INDEX | FOIA/PA SPECIALIST | EXTENSION |
|---|---|---|---|
| Dated - 19 AUG 08<br>Rec'd - 20 AUG 08 | Yes / No | Nick Delaney | |

| APPEALING | 1. ISOO sought legal advice, and evidence suggests OLC responded<br>2. Congress also requested information from the AG on this subject<br>3. OLC has admitted to having 96 documents, SMOs surely have some. |
|---|---|

Exhibits provided by requester - 9 JAN 07 letter from ISOO to AG requesting legal status of OVP; 27 June 07 letter from heads of three House committees asking for the same information.

| RECOMMENDATION | AFFIRM    REMAND    SUPP. RELEASE    CLOSE<br><br>Letter from OLP dated September 11, 2007 which says no records on file. OIP's search Memo dated Aug 10, 2007 asked components to search individual files, including emails and other electronic files. |
|---|---|

| APPEAL NUMBER | OFFICE | FILE ORIGINATION | BLITZER | REVIEW |
|---|---|---|---|---|
| 08-2547 | OIPL | 2007-R0859 | SF | May 15, 2009 |

| REQUEST | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated - 18 July 2007<br>Rec'd - 1 August 2007 | Mark Zaid/James Madison Project | Yes / No<br>State / Federal | YES |

| SUBJECT | |
|---|---|
| All internal Department of Justice documents that pertain to compliance by the Office of the Vice President with the reporting requirements of Executive Order 12,958, as amended, through submission of reports to ISOO. | First Party |
| | Third Party |
| | Other |
| | Exped. Process. |
| | Fee Waiver |

| RESPONSE | ACTION | REVIEWED | RELEASED | WITHHELD | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 09 AUG 07 | Acknowledgment letter | | | | | |
| 24 AUG 07 | Interim response - NR for OIP & PAO; still searching AG, DAG, ASG, OLP & IPL | | | | | |
| 31 AUG 07 | Interim response -no records at OIPL | | | | | |

| No Records | Full Denial | Partial Release | Full Release | Referral Out | Lost/Destroyed |
|---|---|---|---|---|---|
| Pre-Processed | Fee Waiver Denial | No Cert. of ID | No Privacy Waiver | Referral In | Untimely Appeal |

| PA 552A(B) | D5 | J2 | K1 | K2 | K3 | K4 | K5 | K6 | K7 | Excl. C1, C2, C3 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOIA | B1 | B2 | B3 | B4 | B5 | B6 | B7A | B7B | B7C | B7D | B7E | B7F |

| REFERRALS | | | |
|---|---|---|---|
| | | | |

| APPEAL | VAUGHN INDEX | FOIA/PA SPECIALIST | EXTENSION |
|---|---|---|---|
| Dated - 19 AUG 08<br>Rec'd - 20 AUG 08 | Yes / No | Nick Delaney | |

| APPEALING | 1. ISOO sought legal advice, and evidence suggests OLC responded<br>2. Congress also requested information from the AG on this subject<br>3. OLC has admitted to having 96 documents, SMOs surely have some. |  |
|---|---|---|

| Exhibits provided by requester - 9 JAN 07 letter from ISOO to AG requesting legal status of OVP; 27 June 07 letter from heads of three House committees asking for the same information. |
|---|



| RECOMMENDATION | AFFIRM | REMAND | SUPP. RELEASE | CLOSE |
|---|---|---|---|---|

OIPL sent an email on August 28, 2007 confirming that OIPL had no responsive records. OIP's memo dated 10 AUG 07 asked for search to include review of electronic records, including emails and archived emails.

| ++APPEAL NUMBER | OFFICE | FILE ORIGINATION | BLITZER | REVIEW |
|---|---|---|---|---|
| 08-2548 8' | PAO | 2007-R0860 | SF | May 18, 2009 |

| REQUEST | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated - 18 July 2007<br>Rec'd - 1 August 2007 | Mark Zaid/James Madison Project | Yes / No<br>State / Federal | YES |

| SUBJECT | |
|---|---|
| All internal Department of Justice documents that pertain to compliance by the Office of the Vice President with the reporting requirements of Executive Order 12,958, as amended, through submission of reports to ISOO. | First Party |
| | Third Party |
| | Other |
| | Exped. Process. |
| | Fee Waiver |

| RESPONSE | ACTION | REVIEWED | RELEASED | WITHHELD | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 09 AUG 07<br>24 AUG 07 | Acknowledgment letter<br>Interim response - NR for OIP & PAO | | | | | |

| No Records | Full Denial | Partial Release | Full Release | Referral Out | Lost/Destroyed |
|---|---|---|---|---|---|
| Pre-Processed | Fee Waiver Denial | No Cert. of ID | No Privacy Waiver | Referral In | Untimely Appeal |

| PA 552A(B) | D5 | J2 | K1 | K2 | K3 | K4 | K5 | K6 | K7 | Excl. C1, C2, C3 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOIA | B1 | B2 | B3 | B4 | B5 | B6 | B7A | B7B | B7C | B7D | B7E | B7F |

| REFERRALS | |
|---|---|
| | |

| APPEAL | VAUGHN INDEX | FOIA/PA SPECIALIST | EXTENSION |
|---|---|---|---|
| Dated - 19 AUG 08<br>Rec'd - 20 AUG 08 | Yes / No | Nick Delaney | |

| APPEALING | 1. ISOO sought legal advice, and evidence suggests OLC responded<br>2. Congress also requested information from the AG on this subject<br>3. OLC has admitted to having 96 documents, SMOs surely have some. |  |
|---|---|---|

Exhibits provided by requester - 9 JAN 07 letter from ISOO to AG requesting legal status of OVP; 27 June 07 letter from heads of three House committees asking for the same information.

| RECOMMENDATION | AFFIRM    REMAND    SUPP. RELEASE    CLOSE |
|---|---|
| | Search of PAO's press releases. Search of term "vice president" resulted in 346 hits, none responsive. Search conducted 8/20/07. |

| ++ APPEAL NUMBER | OFFICE | FILE ORIGINATION | BLITZER | REVIEW |
|---|---|---|---|---|
| 08-2549 | OIP | 2007-R0861 | SF | May 18, 2009 |

| REQUEST | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated - 18 July 2007<br>Rec'd - 1 August 2007 | Mark Zaid/James Madison Project | Yes / No<br>State / Federal | YES |

| SUBJECT | |
|---|---|
| All internal Department of Justice documents that pertain to compliance by the Office of the Vice President with the reporting requirements of Executive Order 12,958, as amended, through submission of reports to ISOO. | First Party |
| | Third Party |
| | Other |
| | Exped. Process. |
| | Fee Waiver |

| RESPONSE | ACTION | REVIEWED | RELEASED | WITHHELD | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 09 AUG 07<br>24 AUG 07 | Acknowledgment letter<br>Interim response - NR for OIP &<br>PAO | | | | | |

| No Records | Full Denial | Partial Release | Full Release | Referral Out | Lost/Destroyed |
|---|---|---|---|---|---|
| Pre-Processed | Fee Waiver Denial | No Cert. of ID | No Privacy Waiver | Referral In | Untimely Appeal |

| PA 552A(B) | D5 | J2 | K1 | K2 | K3 | K4 | K5 | K6 | K7 | Excl. C1, C2, C3 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOIA | B1 | B2 | B3 | B4 | B5 | B6 | B7A | B7B | B7C | B7D | B7E | B7F |

| REFERRALS | |
|---|---|
| | |

| APPEAL | VAUGHN INDEX | FOIA/PA SPECIALIST | EXTENSION |
|---|---|---|---|
| Dated - 19 AUG 08<br>Rec'd - 20 AUG 08 | Yes / No | Nick Delaney | |

| APPEALING | 1. ISOO sought legal advice, and evidence suggests OLC responded<br>2. Congress also requested information from the AG on this subject<br>3. OLC has admitted to having 96 documents, SMOs surely have some. |  |
|---|---|---|

| Exhibits provided by requester - 9 JAN 07 letter from ISOO to AG requesting legal status of OVP; 27 June 07 letter from heads of three House committees asking for the same information. |
|---|

| RECOMMENDATION | AFFIRM     REMAND     SUPP. RELEASE     CLOSE<br><br>Search of OIP's oracle (initial requests & appeals). Search terms: Leonard, Information Security Oversight Office, Vice President, ISOO, 13292, & 12958. No responsive hits. |
|---|---|

| APPEAL NO. | COMPONENT | REQUEST NO. | BLITZER | REV'D ON | NO. |
|---|---|---|---|---|---|
| 08-2550 | OLA | OLA/08-R0604 | MTC | 2/3/09 | |

## REQUEST:

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 5/29/08<br>Rec'd: 5/29/08 | Mark S. Zaid | No | No |

| SUBJECT OF REQUEST | Internal DOJ records from OLA re: correspondence from Information Security Oversight Office Director Leonard, Congressman Waxman, and other Congressmen requesting an interpretation of Office of the VP's obligations under EO 12958. |
|---|---|

## AGENCY RESPONSE:

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 7/16/08 | no records | | | | | | |

| FOIA | | | | PA | |
|---|---|---|---|---|---|

## APPEAL:

| DATE OF APPEAL | Dated: 8/19/08<br>Rec'd: 8/20/08 | AGENCY CONTACT | Natasha Jahangiri | PHONE NUMBER | |
|---|---|---|---|---|---|
| ARGUMENTS ON APPEAL | Inadequate search - attached as evidence a letter dated 8/14/07 from OLA to Waxman re: opinion concerning Office of the VP as an "agency" under EO 12958 | | | | |

| RECOMMENDATION | Affirm no records (and no expansion on appeal) |
|---|---|

**NOTES:**

The search: NJ sent a search memo to OLA which included searches of their email. Only one individual, Debbie Clifton, located what she considered to be responsive records. No one had any responsive emails. NJ reviewed the documents located by Clifton and found that her search was very broad and the documents located were not responsive to the specific request made by Zaid.

NJ originally identified 5 records (with attachments) in her Exec. Sec. Search, but they were deemed not to be "internal", since they were between NARA,/congressmen and the AG, so they were not strictly internal DOJ documents.

8/6/08 - Requester called OIP and asked why the word internal was in quotes in the response letter. MLF explained that OIP considered only documents that were internal to DOJ as responsive. Requester said he meant to include responses to letters from Congress. MLF told him that would be a new request. Requester said he would just ask for them in his appeal.

In his appeal, Zaid appears to be expanding his request beyond "internal DOJ documents" to include correspondence to entities outside the agency, to include NARA and Congress. Since Zaid is an experienced requester, I include language in our response that clarifies that there are no "internal" DOJ documents and if he wishes to expand, he must make a separate request.

Exemption 5

| APPEAL NO. | COMPONENT | REQUEST NO. | BLITZER | REV'D ON: | *** NO. |
|---|---|---|---|---|---|
| 2008-2600 ✓ | OLC ✓ | (none provided) | KMR | 9/10/08 | 273 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 5/17/08<br>Rec'd: unknown | Mark S. Zaid ✓ | No ✓ | unknown ✓ |
| **SUBJECT OF REQUEST** | Requests copies of certain records "pertaining to discussions concerning the Office of the Vice President's ('OVP') compliance with Executive Order ('EO') 12958 through the submission of reports to the Director of the Information Security Oversight Office ('ISOO') relating to OVP's security classification program." ✓ | | |

**AGENCY RESPONSE:**

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 6/11/08 | | | | | 96 records | | |
| FOIA | b5 (deliberative process privilege) | | | | PA | | |

**APPEAL:**

| DATE OF APPEAL | Dated: 8/19/08<br>Rec'd: 8/20/08 | AGENCY CONTACT | Bette Farris | PHONE NUMBER | |
|---|---|---|---|---|---|
| **ARGUMENTS ON APPEAL** | General appeal. Claims that OLC applied b5 improperly. ✓ | | | | |

*not*

| RECOMMENDATION | Deny as untimely |
|---|---|

**NOTES:**

By letter dated 6/11/08, OLC denied Mr. Zaid's request and advised him of his appeal rights. By letter dated 8/19/08, received by OIP on 8/20/08, Mr. Zaid attempted to appeal OLC's action on his request. I note that Mr. Zaid's appeal letter was dated and received over a week after the regulatory deadline for receipt. As such, I recommend that OIP deny Mr. Zaid's appeal as untimely.

*Agreed. ✓*

*Even with the language of OLC's letter, the appeal was dated a week late.*

Exemption 5

| APPEAL NO. | COMPONENT | FBI OFFICE | FOIPA NO. | BLITZER | REV'D ON: |
|---|---|---|---|---|---|
| 08-2741 | FBI | HQ | 1116243 | SJV | 10/27/08 |

## REQUEST:

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 5/26/08<br>Rec'd: | Mark Zaid | No | No |
| SUBJECT OF REQUEST | Records related to the investigation of CIA IG John Helgerson by the Integrity Committee | | |

## AGENCY RESPONSE:

| SEARCH | Initial: | HQ | FO: | | Auto | Manual | Main | Cross | ELSUR | Date: |
|---|---|---|---|---|---|---|---|---|---|---|
| | Second: | HQ | FO: | | Auto | Manual | Main | Cross | ELSUR | Date: |
| RESPONSIVE FILES | | | | | | | | | | |

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 7/1/08 | No Records | | | | | | |
| FOIA | N / A | | | | | PA | |

## APPEAL:

| APPEAL DATE | Dated: 9/11/08<br>Rec'd: 9/18/08 | AGENCY CONTACT | | PHONE NUMBER | |
|---|---|---|---|---|---|
| ARGUMENTS ON APPEAL | Search challenge | | | | |

| RECOMMENDATION | Affirm NR at HQ |
|---|---|

NOTES:

Note that although the appeal was submitted late, it was marked "not too late."

The notes in FDPS indicate that there are no files since 2004 on this subject and that is prior to Mr. Helgerson's becoming the CIA's IG, therefore there are no records. Additionally, as the note indicates, despite the media attention, no formal complaint was ever filed, and consequently there would be no records.

| APPEAL NO. | COMPONENT | REQUEST NO. | BLITZER | REV'D ON: | ST NO. |
|---|---|---|---|---|---|
| 09-0458 | OLC | -- | MTC | 3/16/09 | |

## REQUEST:

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 8/20/08<br>Rec'd: 8/20/08 | Mark Zaid | No | No |
| SUBJECT OF REQUEST | All internal DOJ documents, including cross-references, pertaining to discussions concerning the creation of the Oversight Section within the DOJ's National Security Division | | |

## AGENCY RESPONSE:

| DATE | ACTION | REV'D | RIP | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 9/25/08 | WIF (& referral) | 3 | 0 | 0 | 1 | 1 to OIP; 1 to FBI | |
| FOIA | b5 (delib + a/c priv.) | | | | | PA | |

## APPEAL:

| DATE OF APPEAL | Dated: 11/24/08<br>Rec'd: 11/28/08 | AGENCY CONTACT | Bette Farris | PHONE NUMBER | 4-2038 |
|---|---|---|---|---|---|
| ARGUMENTS ON APPEAL | b5 can never apply to final decisions, including concurring and dissenting opinions, made by an agency; any opinion drafted by OLC or its employees regarding the establishment of a new section within DOJ would arguably be a final or concurring or dissenting opinion. | | | | |

| RECOMMENDATION | Affirm b5 (delib + a/c priv.) |
|---|---|

## NOTES:

prepared by the Principal Deputy Assistant AG

The document WIF is an action memoranda attaching a proposed org. chart and memoranda regarding the new NSD structure. It is clear that this cover letter is discussing a draft (and not a final version), since the memo closes by stating what happens upon approval.

*He requests that the response be faxed to him at 240-681-2189 or emailed to Kel@JamesMadisonProject.org   Exemption 5

| APPEAL NO. | COMPONENT | FBI OFFICE | FOIPA NO. | BLITZER | REV'D ON: |
|---|---|---|---|---|---|
| 09-0492 | FBI | HQ | 1113357 | SRO | 15 Dec 2008 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 7 Apr 2008 Rec'd: | Kel McClanahan | No | No |
| SUBJECT OF REQUEST | All records pertaining to the Intelligence Identities Protection Act of 1982. | | |

**AGENCY RESPONSE:**

| SEARCH | Initial: | HQ | FO: | | Auto | Manual | Main | Cross | ELSUR | Date: |
|---|---|---|---|---|---|---|---|---|---|---|
| | Second: | HQ | FO: | | Auto | Manual | Main | Cross | ELSUR | Date: |
| RESPONSIVE FILES | 62-119797 | | | | | | | | | |

| DATE | ACTION | REV'D | RIF/RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 29 Sept 2008 | Partial release | 15 | 9 | 6 | | |
| FOIA | Exemptions 2, 6, | | | | PA | n/a |

**APPEAL:**

| APPEAL DATE | Dated: 2 Dec 2008 Rec'd: 8 Dec 2008 | AGENCY CONTACT | | PHONE NUMBER | |
|---|---|---|---|---|---|
| ARGUMENTS ON APPEAL | Appellant asserts that the claimed exemptions are not applicable. | | | | |

| RECOMMENDATION | Appeal not timely. |
|---|---|

NOTES:

    If one goes by the date of the appeal letter (as well as the date that letter was faxed to OIP), the appeal is four days late. Given that the response by the FBI was on September 29, November 28 is the due date of the appeal, but it was faxed to OIP on December 2. ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Exemption 5

## EXPEDITED TREATMENT RECOMMENDATION

| APPEAL NO. | APPELLANT'S NAME | COMPONENT | ISSUE |
|---|---|---|---|
| 09-1198 | Mark Zaid, Esq. | DEA | Requester appeals DEA's denial under Standard 2 and asserts request is entitled to EP under Standard 4. |

| RECOMMENDATION | Affirm. |
|---|---|

## NOTES:

Exemption 5 █████████████████████████████

### Request - (1/28/09)

This request was submitted by the James Madison Project for documents pertaining to the "shoot down of a small plane by the Peruvian Air Force on April 20, 2001." Expedited processing is requested pursuant to Standard 2 in the initial request. On March 4, 2009, requester asked the Office of Public Affairs to grant expedited processing of DEA Request 09-0360-F pursuant to Standard 4. (Wow, it looks like someone has read our regulations!)(see yellow tab)

### DEA Action - (3/3/09)  Exemption 5 ████████████████████████████

Standard 2 requires that there be "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." DEA denied the request for expedited processing under Standard 2 for failure to establish an urgency to inform the public about an actual or alleged government activity.

> In deciding whether there is an "urgency to inform the public" under 28 C.F.R. § 16.5(d)(1)(ii), one must consider the following three factors from Al-Fayed v. CIA, 254 F.3d 300, 310 (D.C. Cir. 2001):
>
> > (1) whether the request concerns a matter of current exigency to the American public;
> > > • *Requester claims the subject of the request is a matter of exigency to the American public. The subject matter of the request does appear to be of some interest. However, Requester does not make a compelling argument that this interest is a matter of exigency.*
> >
> > (2) whether the consequences of delaying a response would compromise a significant recognized interest; and
> > > • *Requester does not identify a "significant recognized interest" that is placed in jeopardy if the request is not processed expeditiously.*
> >
> > (3) whether the request concerns federal government activity.
> > > • *Requester meets this prong*
>
> Furthermore, in order to be entitled to expedited treatment under Standard 2, a requester also has to establish it is primarily engaged in disseminating information. According to its website, "[t]he James Madison Project is a Washington, D.C. non-profit organization that was established in 1998, to promote government accountability and the reduction of secrecy, as well as to educate the public on issues relating to intelligence and national security through means of research, advocacy and the dissemination of information." ████████████████

Exemption 5

Exemption 5

[black redaction box]

Because the requester has failed to establish urgency and has failed to establish it is primarily engaged in disseminating information, DEA properly denied its request for expedited processing under Standard 2. Exemption 5

[black redaction box]

**OPA Action - (3/9/09)**
Standard 4 requires a requester to establish the subject matter of its request is of (1) "widespread and exceptional media interest" and (2) "is a matter in which there exists possible questions about the government's integrity which affect public confidence." The Office of Public Affairs is tasked with determining whether a request meets this test. On 3/9/09, OPA Director Matthew Miller's denied the request for expedited processing under Standard 4, finding the subject of the request is not a matter of widespread and exceptional media interest.

**Appeal - (3/10/09)**
Requester generally appeals DEA's action on the grounds the information must be disclosed so that Congress can consider the propriety of the CIA program. Requester asserts its right to expedited treatment under Standard 4 for the same reason [black redaction box]

Exemption 5

**Recommendation**
Because DEA properly found requester failed to meet Standard 2, ~~and OPA considered and denied the request under Standard 4~~, I recommend OIP affirm the denial of expedited processing.

| SUBMITTED FOR REVIEW: | Mon. 3/16/09 | TARGET DATE: | Fri. 3/20/09 |

## EXPEDITED TREATMENT RECOMMENDATION

| APPEAL NO. | APPELLANT'S NAME | COMPONENT | ISSUE |
|---|---|---|---|
| 09-1199 | Mark Zaid, Esq. | CRM | Requester appeals CRM's denial under Standard 2 and asserts request is entitled to EP under Standard 4. |

| RECOMMENDATION | Affirm. |
|---|---|

## NOTES:

### Request - (1/27/09)

This request was submitted by the James Madison Project for documents pertaining to the "shoot down of a small plane by the Peruvian Air Force on April 20, 2001." Expedited processing was requested pursuant to Standard 2 in the initial request. On March 4, 2009, requester asked the Office of Public Affairs to grant expedited processing of CRM-200900063F pursuant to Standard 4. (see yellow tab)

### CRM Action - (2/23/09)

Standard 2 requires that there be "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." CRM denied the request for expedited processing under Standard 2 for failure to establish an urgency to inform the public about an actual or alleged government activity.

In deciding whether there is an "urgency to inform the public" under 28 C.F.R. § 16.5(d)(1)(ii), one must consider the following three factors from Al-Fayed v. CIA, 254 F.3d 300, 310 (D.C. Cir. 2001):

(1) whether the request concerns a matter of current exigency to the American public;
- *Requester claims the subject of the request is a matter of exigency to the American public. The subject matter of the request does appear to be of some interest. However, Requester does not make a compelling argument that this interest is a matter of exigency.*

(2) whether the consequences of delaying a response would compromise a significant recognized interest; and
- *Requester does not identify a "significant recognized interest" that is placed in jeopardy if the request is not processed expeditiously.*

(3) whether the request concerns federal government activity.
- *Requester meets this prong*

Furthermore, in order to be entitled to expedited treatment under Standard 2, a requester also has to establish it is primarily engaged in disseminating information. According to its website, "[t]he James Madison Project is a Washington, D.C. non-profit organization that was established in 1998, to promote government accountability and the reduction of secrecy, as well as to educate the public on issues relating to intelligence and national security through means of research, advocacy and the dissemination of information."

Exemption 5

Exemption 5

[black redaction box]

Because the requester has failed to establish urgency and has failed to establish it is primarily engaged in disseminating information, CRM properly denied its request for expedited processing under Standard 2.

**OPA Action - (3/9/09)**
Standard 4 requires a requester to establish the subject matter of its request is of (1) "widespread and exceptional media interest" and (2) "is a matter in which there exists possible questions about the government's integrity which affect public confidence." The Office of Public Affairs is tasked with determining whether a request meets this test. On 3/9/09, OPA Director Matthew Miller's denied the request for expedited processing under Standard 4, finding the subject of the request is not a matter of widespread and exceptional media interest.

**Appeal - (3/10/09)**
Requester generally appeals CRM's action on the grounds the information must be disclosed so that Congress can consider the propriety of the CIA program. Requester asserts its right to expedited treatment under Standard 4 for the same reasons

Exemption 5

**Recommendation**
Because CRM properly found requester failed to meet Standard 2, and ~~OPA considered and denied the request, under Standard 4,~~ I recommend OIP affirm the denial of expedited processing.

| SUBMITTED FOR REVIEW: | Mon. 3/16/09 | TARGET DATE: | Fri. 3/20/09 |
|---|---|---|---|

Mark Zaid                    Appeal No. 09-1210         Marilyn Cunningham
James Madison Project        Fee Category Appeal        March 29, 2010

| ITEM | DATE | CONTENT |
|------|------|---------|
| REQUEST: | 7/16/07 | Requester The James Madison Project asked for all internal DOJ documents pertaining to discussions concerning the creation fo the Oversight Section within DOJ's NSD and the Office of Integrity and Compliance at the FBI.  Request was made to AG, DAG, AAG, OIP, OIPL, OLP, and OPA. JMP also requested a fee waiver, explaining they are a non-profit organization with the ability to disseminate information on a wide scale.  Stories concerning JMP's activities have been covered in many leading newspapers and magazines, and JMP posts much of the information they receive through FOIA requests on their website.  Finally, they claim prior requests submitted by JMP have all received fee waivers.  The information sought would contribute to the public's understanding and is in the public interest [cites DOJ's disclosure of an OLC memo related to definition of "terrorist."] |
| RESPONSE: | 1/9/09 | Fee waiver denial.  The documents mostly consist of draft material or media advisories, which are protected from disclosure by Ex. 5 or have previously been disseminated.  For records that are being withheld or have been previously disclosed, there would be no enhancement of the public's understanding [failing Factor 2]. Also states that OIP determined JMP is a non-media, non-commercial requester, and their 2 free hours of searching has been exhausted for the OLP request.  OIP estimates that an additional 6 hours will be necessary to complete the search, for a total assessment of $168. |
| APPEAL: | 3/9/09 | Challenges the fee category.  Claims they are news media.  JMP has the ability to disseminate information on a wide scale.  Stories regarding JMP activities have appeared in leading newspapers and |

magazines. They post much of the information they receive through FOIA requests on their website & that information has been used by 3rd parties in published works. JMP also intends to use information obtained through FOIA in their own published opinion editorials, journal articles, etc.

REVIEW:          3/29/10          [Inherited from SJV]

The stated mission on the JMP website is "to promote government accountability and the reduction of secrecy, and to educate the public on issues relating to intelligence and national security." Despite these stated purposes, I saw only one op-ed piece (which most likely used FOIA materials) from 2003. I also saw that they make available all of their FOIA request letters and they also have a Document Vault containing all of the records they received pursuant to FOIA requests organized by originating agency [passive dissemination]. They have issued press releases but none on their website were more current that 2/14/2000.

Regarding JMP's argument that news coverage of JMP's activities have appeared in leading newspapers and magazines is not relevant - coverage of an organization's activities by the news media does not equate to acting as a representative of the news media.

JMP's statement that the documents in the Document Vault on their website have been used by 3rd parties in published works would at best make them a "middle-man" or a purveyor of information, but that falls short of them being the entity that transforms it through their own editorial skills. Finally, JMP's assertion that they intend to use the requested documents to produce their own op-eds, journal articles, etc. is not born out by the evidence - it is a hollow assertion when you consider their recent history.

RECOMMENDATION:          Affirm fee waiver category.

Note: The fee waiver denial letter and the appeal actually listed three requests:
AG/07-R0805
OLP/07-R0808
PAO/07-0810
Two of the appeals - AG and PAO were closed as moot, since fees did not become an issue in either of those requests.

| APPEAL NO. | COMPONENT | REQUEST NO. | BLITZER | REV'D ON: |
|---|---|---|---|---|
| 09-1209<br>09-1211 | AG<br>PAO | AG/07-R0805<br>PAO/07-R0810 | SJV | 9/3/09 |

## REQUEST:

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 7/16/07<br>Rec'd: | Mark Zaid | No | No |
| SUBJECT OF REQUEST | Creation of the Oversight Section in NSD and the creation of the Office of Integrity and Compliance within the FBI | | |

## AGENCY RESPONSE:

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 1/9/09 | Partial Release | | | | | | |
| FOIA | | | | | | PA | |

## APPEAL:

| DATE OF APPEAL | Dated:3/9/09<br>Rec'd: 3/11/09 | AGENCY CONTACT | | PHONE NUMBER | |
|---|---|---|---|---|---|
| ARGUMENTS ON APPEAL | Limited appeal to challenging the requester fee category | | | | |

| RECOMMENDATION | Close as moot - no fees charged |
|---|---|

### NOTES:

All three of the request numbers mentioned in the appeal letter are still open (M. Carr is processing). However, only the OLP request will incur fees. Neither the AG nor the PAO request entails the assessment of fees.

Requester claims status as a representative of the news media. The IR Staff disagreed, and classified Requester as an "all other" requester. Because this appeal is limited to challenging that determination, and no fees were assessed for the AG and PAO portions of the request, I recommend closing these two appeals as moot.

Requester has apparently communicated to the IR Staff that he is unwilling to pay search fees for the OLP portion of his request. The IR Staff estimated that an additional 6 hours of search time ($168) would be necessary to complete the search for OLP documents. ██████████████████████ I have not addressed his appeal as it pertains to the OLP portion of the request.

| Exemption 5 |
|---|

| APPEAL NO. | COMPONENT | FBI OFFICE | FOIPA NO. | BLITZER | REV'D ON: |
|---|---|---|---|---|---|
| 09-2631 | FBI | HQ | 1114653 | KWC | 12/22/09 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 5/12/08 Rec'd: ? | FedSources (Rajitha Uppalli, Elizabeth Steponkus) | No | No |
| SUBJECT OF REQUEST | Contract and statement of work for FBI Solicitation BAA0007476 | | |

**AGENCY RESPONSE:**

| SEARCH | Initial: | HQ | FO: | Auto | Manual | Main | Cross | ELSUR | Date: |
|---|---|---|---|---|---|---|---|---|---|
| | Second: | HQ | FO: | Auto | Manual | Main | Cross | ELSUR | Date: |
| RESPONSIVE FILES | | | | | | | | | |

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | | OTHER |
|---|---|---|---|---|---|---|---|---|
| 2/2/09 | Fee Estimate Provided | ? | | | | | | |
| FOIA | | | | | | PA | | |

**APPEAL:**

| APPEAL DATE | Dated: 8/6/09, 8/14/09 Rec'd: 8/6/09, 8/14/09 | AGENCY CONTACT | Exemption 6 | PHONE NUMBER | |
|---|---|---|---|---|---|
| ARGUMENTS ON APPEAL | These estimates cannot be accurate. | | | | |

| RECOMMENDATION | Remand |
|---|---|

**NOTES:**

    This appeal arose out of a complaint received at or shortly after the requester roundtable meeting. FedSources made a request for the contract and statement of work for FBI Solicitation BAA0007476. The FBI provided a fee estimate of $17,314.00.

Exemption 5

| APPEAL NO. | COMPONENT | FBI OFFICE | FOIPA NO. | BLITZER | REV'D ON: |
|---|---|---|---|---|---|
| 09-2632 | FBI | HQ | 1111010 | KWC | 2/18/2010 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 2/25/08 Rec'd: ? | FedSources (Rajitha Uppalli, Elizabeth Steponkus) | No | No |
| SUBJECT OF REQUEST | Contract and statement of work for Contract # JFBI08041. | | |

**AGENCY RESPONSE:**

| SEARCH | Initial: | HQ | FO: | | Auto | Mannal | Main | Cross | ELSUR | Date: |
|---|---|---|---|---|---|---|---|---|---|---|
| | Second: | HQ | FO: | | Auto | Mannal | Main | Cross | ELSUR | Date: |
| RESPONSIVE FILES | | | | | | | | | | |

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 1/27/09 | Fee Estimate Provided | ? | | | | | |
| FOIA | | | | | PA | | |

**APPEAL:**

| APPEAL DATE | Dated: 8/6/09, 8/14/09 Rec'd: 8/6/09, 8/14/09 | AGENCY CONTACT | Exemption 6 | PHONE NUMBER | |
|---|---|---|---|---|---|
| ARGUMENTS ON APPEAL | These estimates cannot be accurate. | | | | |

| RECOMMENDATION | Remand |
|---|---|

**NOTES:**   Exemption 5

This appeal arose out of a complaint received at or shortly after the requester roundtable meeting. FedSources made a request for the contract and statement of work for contract # JFBI08041. The FBI provided a fee estimate of $51,627.40, based upon an estimate of 6986 pages. I contacted

| APPEAL NO. | COMPONENT | FBI OFFICE | FOIPA NO. | BLITZER | REV'D ON: |
|---|---|---|---|---|---|
| 09-2633, 09-2634, 09-2635 | FBI | HQ | ~~1126034,~~ ~~1126035,~~ ~~1126036~~ 1116934 1116935 1116936 KWC | | 12/1/09 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 6/27/08 Rec'd: ? | FedSources (Rajitha Uppalli, Elizabeth Steponkus) | No | No |
| **SUBJECT OF REQUEST** | Three contracts, including the statement of work. | | |



**AGENCY RESPONSE:**

| SEARCH | Initial: | HQ | FO: | Auto | Manual | Main | Cross | ELSUR | Date: |
|---|---|---|---|---|---|---|---|---|---|
| | Second: | HQ | FO: | Auto | Manual | Main | Cross | ELSUR | Date: |
| **RESPONSIVE FILES** | | | | | | | | | |

*Appeal rights not included, so tell me not using "discretionary" language re: unusual*

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 1/26/09 | Fee Estimate Provided | ? | | | | | |

| FOIA | | | PA | |
|---|---|---|---|---|

**APPEAL:**

| | | | Exemption 6 | |
|---|---|---|---|---|
| **APPEAL DATE** | Dated: 8/6/09, 8/14/09 Rec'd: 8/6/09, 8/14/09 | **AGENCY CONTACT** | | **PHONE NUMBER** |
| **ARGUMENTS ON APPEAL** | These estimates cannot be accurate. | | | |

| RECOMMENDATION | Remand |
|---|---|

**NOTES:** Exemption 5

This appeal arose out of a complaint received at or shortly after the requester roundtable meeting. FedSources made a request citing three FBI contract numbers. The FBI provided a fee estimate of $57,144.00.

Regardless, the Finance Division has apparently sent this contract to RIDS, and RIDS will process the records once they receive our remand memo.

| APPEAL NO. | COMPONENT | FBI OFFICE | FOIPA NO. | BLITZER | REV'D ON: |
|---|---|---|---|---|---|
| 09-2815 | FBI | HQ | 1126251 | SRO | 2 Oct 2009 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 6 Feb 2009 Rec'd: | Kel McClanahan- National Security Counselors | No | No |
| **SUBJECT OF REQUEST** | All records pertaining to the FBI's response to question 25 of specific QFR's from the House Committee on the Judiciary. | | |

**AGENCY RESPONSE:**

| SEARCH | Initial: | HQ | FO: | | Auto | Manual | Main | Cross | ELSUR | Date: |
|---|---|---|---|---|---|---|---|---|---|---|
| | Second: | HQ | FO: | | Auto | Manual | Main | Cross | ELSUR | Date: |
| **RESPONSIVE FILES** | yes | | | | | | | | | |

| DATE | ACTION | REV'D | RIF/RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|
| 29 Jun 2009 | Full denial | 7 | 0 | 7 | n/a | |
| FOIA | Exemptions 1, 5 | | | | PA | |

**APPEAL:**

| APPEAL DATE | Dated: 16 Sept 2009 Rec'd: 18 Sept 2009 | AGENCY CONTACT | Charlene Harris | PHONE NUMBER | |
|---|---|---|---|---|---|
| **ARGUMENTS ON APPEAL** | The requester appeals the withholdings, on two grounds: 1. With regard to Exemption 5, the requester pointed out that the predecisional deliberations of Congress are not within the protection of Exemption 5. Any response to a Congressional question that actually is transmitted to Congress is not within Exemption 5. 2. With regard to Exemption 1, the requester asserted that it has insufficient information about the withheld document and the reasons for the FBI's classification of it to be able to challenge the withholding. | | | | |

| RECOMMENDATION | Remand for further processing. |
|---|---|

NOTES:

The requester is correct that deliberative communications between the executive branch and Congress are not within the purview of Exemption 5. The FDPS notes are quite clear that the responsive record constitutes the final response that was actually sent to Congress. For this reason, I recommend a remand for further processing of the document. Bits and pieces of the seven pages were classified, but the bulk of the document was not classified.

I also recommend that we insert language stating that we are adjudicating the appeal as a matter of discretion. The appeal was untimely by two or three weeks. This appears to be because the requester is no longer with the James Madison Project. The James Madison Project belatedly assigned its rights pertaining to this appeal to the new entity (National Security Counselors). I would not recommend finding that the appeal is untimely given that its untimeliness was not the fault of the legitimate appellant.

Katelyn Sack                    Appeal No. 2010-2171                          **KRP**
                          FBI; appeal of "no records" response              Assigned 6/21/10
                        also appeal of implied denial of request for FW

| [ITEM] | [DATE] | [CONTENT] |
|---|---|---|
| **REQUEST:** | 12/15/09 | Requested access to records pertaining to polygraphs. Specifically requested access to records responsive to 7 polygraph-related categories. One category contained request for records maintained by DOD's Polygraph Institute and the Defense Academy of Credibility Assessment (DACA). Requested FW and expedited processing. |
| **MODIFICATION:** | 1/21/10 | Stated that the purpose of her letter was "to provide [Mr. Hardy] with more specific information narrowing the scope of [her] request." Said that she "[is] seeking information on polygraph bias." Expressed interest in racial bias in particular, but stated that she "think[s] the mechanisms of bias in polygraphs are generalizable to gender, culture, sexuality, ethnicity, age, disability, and to a certain extent religious and political affiliation." Reiterated request for FW. |
| **RESPONSE:** | 2/16/10 | Advised the requester that the FBI could locate no records responsive to her request in its automated indices. Suggested that she contact DACA and submit a new FOIA request. [NOTE: Because Ms. Sack claimed to have never received the 2/16/10 response, the FBI sent another copy of its response in May 2010.] |
| **APPEAL:** | 5/26/10 | Appealed "no records" determination. Requested a copy of the FBI's "equal opportunity policy." Acknowledged Mr. Hardy's suggestion that she submit a new FOIA request to another agency and stated that her request is currently pending. Reiterated request for FW. Requested expedited processing. |

*on 12/15/09 ℝ also requested records pertaining to FBI's position on the applicability of equal oppert. law to the security process. (over)*

**REVIEW:**    As evidenced by the FBI's search slip, the FBI searched its automated indices for records pertaining to polygraph bias, but could locate no responsive records in its files.

FOIA Exemption 5

OIP-11

Conv. w/ Denny Argall (FBI)(CRID) on 10/7/10.

A search would be done over FDPS of ACS; the same ltr ("no identifiable main file records") would be used for a non-investigative matter.

He indicated that a challenge to an applicant's polygraph asserting bias would be in the ind's file and not x-ref. to some polygraph file for research purposes.

The FBI investigates and not conducts research.

The Secd is the Security Division; it does polygraphs.

[signature] 10/7/10

OIP-33

On 1/21/09 in her narrowed request ® advises
relevant information she seeks includes the
FBI's position on whether "equal opportunity
laws" applies to the security process. She seems to makes
the very pt. ~~DG~~ Denny Argall made when he
said on 10/4/10 to me, an individual who in the context of
~~failing~~ his own polygraphy makes a complaint
it will be placed in his own applicant file.
I'm of the opinion that the FBI's position
would be its policy.
                                        McLeod
                                        10/7/10

Seed = Security Division (not section d) — the folks
there do the polygraphing.

## *BLITZ FORM*

| APPEAL NO. | COMPONENT | REQUEST NO. | OIP ATTORNEY | SUBMITTED ON |
|---|---|---|---|---|
| 2010-3292, AP-2010-03981 | FBI | 1126251 | PED | 3/22/2011 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated:<br>Rec'd: | Kel McClanahan, Esq. | No | Yes |
| SUBJECT REQUEST | Records pertaining to the FBI's response to question 25 posed to the FBI by the House Committee on the Judiciary. | | |

**AGENCY RESPONSE:**

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 7/30/2010 | RIP | 7 | | 7 | | | |
| FOIA | b1, b5 | | | | | PA | |

**APPEAL:**

Exemption 6

| | | (b)(6) | | |
|---|---|---|---|---|
| APPEAL | Dated: 9/23/10<br>Rec'd: 9/24/10 | CONTACT | PHONE NUMBER | |
| REC'D ON | NO | | | YES |
| ARGUMENTS ON APPEAL | The appeal is limited to information withheld under b5. The answers to the questions, according to the requester, "were provided by the FBI to Congress to aid *Congress'* deliberative process, not the FBI's. Congressional entities are not within the FOIA's definition" of agency, and the document therefore fails to meet the b5 threshold. | | | |

Exemption 5

| DISCUSSION | | ✓ |
|---|---|---|

| | I specifically inquired about the Guidelines, and the FBI did not think them appropriate for released. | ✓ |
|---|---|---|

| RECOMMENDATION | Affirm. |
|---|---|

*Note: FBI had previously withheld in full (see Appeal No. 2010-2815) but released the questions on remand.*



## *BLITZ FORM*

| 11-00114;<br>11-00115,<br>11-00118 | FBI | 1140405-002;<br>1140406-002;<br>1140412-002 | CDT | 04/28/11 |
|---|---|---|---|---|

**REQUEST:**

| Dated: 12/01/09<br>Rec'd: | McClanahan, Kel | NO | NO |
|---|---|---|---|
| | Various FOIA requests (Hodes, Scott; James Madison Project; National Security Counselors) | | |

**AGENCY RESPONSE:**

| 08/20/10 | Partial release | 111 | 106 | | | |
|---|---|---|---|---|---|---|
| | 2, 5, 6, 7(c) | | | | | |
| | This includes only 100 pages free – more documents remain (approx 8040) – payment of $804 due (or $240 if cd) for duplication, and $364 for search fees | | | | | |

**APPEAL:**

| | Dated: 10/17/10<br>Rec'd: 10/18/10 | | | |
|---|---|---|---|---|
| | **YES/NO** | | | **YES/NO** |
| | Limits appeal to adequacy of search (and fee waiver issue, being adjudicated by MTC); wants "Work Processing Unit's Case Evaluation Forms" | | | |
| | The R believes the FBI's search was inadequate because he did not receive the WPU case evaluation forms and only received search slips. However, as the FBI pointed out to him in its response of 08/20/10, over 8,000 pages have not been processed b/c the R has refused to pay fees. He was only given his first 100 free pages. At this point, the FBI's search has been reasonable and adequate, and the R's contention that because he did not receive certain documents fails because more records (that the FBI has found) do in fact remain. The documents the R references may be in this batch, but were not processed due to the R's unwillingness to pay. I believe the FBI's action in this matter to be appropriate, and its searches to be reasonable and adequate. | | | |



| | |
|---|---|

**Affirm**



I note that we are dealing with the fee issues in a separate letter (see enclosed draft) so no need to address that issue here.      → done by Janice and Marilyn

## *BLITZ FORM*

| APPEAL NO. | COMPONENT | REQUEST NO. | OIP ATTORNEY | SUBMITTED ON |
|---|---|---|---|---|
| 11-01639 | FBI | 1156461 | CDT | 07/06/11 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 10/21/10 Rec'd: | Shapiro, Ryan | NO | NO |
| SUBJECT OF REQUEST | Records pertaining to Jacob Matthew Conroy (leader of SHAC) | | |

**AGENCY RESPONSE:**

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 02/24/11 | Denial of fee waiver | | | | | | |
| FOIA | Factors 2 and 4 | | | | | PA | |
| SEARCH NOTES | | | | | | | |

**APPEAL:**

| DATE OF APPEAL | Dated: 04/02/11 Rec'd: 04/13/11 | AGENCY CONTACT | ████ Ex. 6 per FBI | PHONE NUMBER | |
|---|---|---|---|---|---|
| Fee Issues? | YES/NO | | Timely? | | YES/NO |

| ARGUMENTS ON APPEAL | Fee waiver denial improper |
|---|---|

| Ex. 6 per FBI DISCUSSION | On 06/05/11, I received an email from Ramona Fine stating that she spoke to ████ at the FBI, and that the FBI has agreed to grant the R a fee waiver for all requests dealing with animal liberation. As the subject of this request is Jacob Conroy, the leader of SHAC (Stop Huntington Animal Cruelty) which is dedicated to closing down a UK animal testing lab, I recommend closing this request out as moot. |
|---|---|

Ex. 6 per FBI

| AG GUIDELINES CONSIDERATION | |
|---|---|

| RECOMMENDATION | Close, moot |
|---|---|



## *BLITZ FORM*

| APPEAL NO. | COMPONENT | REQUEST NO. | OIP ATTORNEY | SUBMITTED ON |
|---|---|---|---|---|
| 11-01641 | FBI | 1156806 | CDT | 07/06/11 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 10/21/10 Rec'd: | Shapiro, Ryan | NO | NO |
| SUBJECT OF REQUEST | Records pertaining to Darius Fullmer (leader of SHAC) | | |

**AGENCY RESPONSE:**

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 02/24/11 | Denial of fee waiver | | | | | | |
| FOIA | Factors 2 and 4 | | | | PA | | |
| SEARCH NOTES | | | | | | | |

**APPEAL:**

Ex. 6 per FBI

| DATE OF APPEAL | Dated: 04/02/11 Rec'd: 04/13/11 | AGENCY CONTACT | ██████ | PHONE NUMBER | |
|---|---|---|---|---|---|
| Fee Issues? | YES/NO | | Timely? | | YES/NO |
| ARGUMENTS ON APPEAL | Fee waiver denial improper | | | | |
| DISCUSSION | Ex. 6 per FBI<br>I reviewed most of the documents to determine if a fee waiver would have been proper for this request. However, on 06/05/11, I received an email from Ramona Fine stating that she spoke to ██████ at the FBI, and that the FBI has agreed to grant the R a fee waiver for all requests dealing with animal liberation. As the subject of this request is Darius Fullmer, the leader of SHAC (Stop Huntington Animal Cruelty) which is dedicated to closing down a UK animal testing lab, I recommend closing this request out as moot. | | | | |

| AG GUIDELINES CONSIDERATION | |
|---|---|
| | |

| RECOMMENDATION | Close, moot |
|---|---|

| REVIEWER COMMENTS | |
|---|---|
| DATE: | |
| ATTORNEY FOLLOW-UP TO REVIEWER COMMENTS | |
| DATE: | |

## BLITZ FORM

| APPEAL NO. | COMPONENT | REQUEST NO. | OIP ATTORNEY | SUBMITTED ON: |
|---|---|---|---|---|
| AP-2011-01643 | FBI | 1156549 | PED | 7/8/2011 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 10/22/2010 Rec'd: | Ryan N. Shapiro | No | No |
| **SUBJECT OF REQUEST** | Miyun Park, who he alleges to be "a high profile leader of militant animal rights campaigns for two decades. She has repeatedly been arrested and prosecuted for crimes, referred to as 'direct actions,' in the name of animal rights." | | |

**AGENCY RESPONSE:**

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 2/24/2011 | FW Denial | | | | | | |
| **FOIA** | | | | | | PA | |
| **SEARCH NOTES** | | | | | | | |

**APPEAL:**

| DATE OF APPEAL | Dated: Rec'd: | AGENCY CONTACT | | PHONE NUMBER | |
|---|---|---|---|---|---|
| **Fee Issue?** | YES/NO | | **Timely?** | | YES/NO |
| **ARGUMENTS ON APPEAL** | Challenges FW denial. | Ex. 6 per FBI | | | |
| **DISCUSSION** | Ramona was informed that the FBI is granting fee waivers where the request relates to animal liberation. I confirmed with [ ] regarding these three requests, and she in turn confirmed with Denny Argall, who stated "there should have been a fee waiver granted." | | | | |

| **RECOMMENDATION** | Close as moot. |
|---|---|

| **REVIEWER COMMENTS** | |
|---|---|
| **DATE:** | |

| ATTORNEY FOLLOW UP TO REVIEWER COMMENTS | |
| --- | --- |
| DATE: | |

## *BLITZ FORM*

| APPEAL NO. | COMPONENT | REQUEST NO. | OIP ATTORNEY | SUBMITTED ON: |
|---|---|---|---|---|
| AP-2011-01644 | FBI | 1156661 | PED | 7/8/2011 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 10/24/2010 Rec'd: | Ryan N. Shapiro | No | No |
| SUBJECT OF REQUEST | Lindsay Parme, who he alleges to be "a militant/extremist animal rights/anti-animal experimentation direct action activist. Parme has been arrested by the FBI . . . for direct action militant animal rights activism...." | | |

**AGENCY RESPONSE:**

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 2/24/2011 | FW Denial | | | | | | |
| FOIA | | | | | | PA | |
| SEARCH NOTES | | | | | | | |

**APPEAL:**

| DATE OF APPEAL | Dated: Rec'd: | AGENCY CONTACT | | PHONE NUMBER | |
|---|---|---|---|---|---|
| Fee Issues? | YES/NO | | Timely? | | YES/NO |
| ARGUMENTS ON APPEAL | Challenges FW denial. | Ex. 6 per FBI | | | |
| DISCUSSION | Ramona was informed that the FBI is granting fee waivers where the request relates to animal liberation. I confirmed with ▮▮▮▮ regarding these three requests, and she in turn confirmed with Denny Argall, who stated "there should have been a fee waiver granted." | | | | |

| RECOMMENDATION | Close as moot. |
|---|---|

| REVIEWER COMMENTS | |
|---|---|
| DATE: 7/7/11 | |

| ATTORNEY FOLLOW-UP TO REVIEWER COMMENTS | |
|---|---|
| DATE: | |

### *BLITZ FORM*

| APPEAL NO. | COMPONENT | REQUEST NO. | OIP ATTORNEY | SUBMITTED ON |
|---|---|---|---|---|
| AP-2011-01647 | FBI | 1156505 | PED | 7/8/2011 |

**REQUEST:**

| REQUEST DATE | REQUESTER NAME | PRISONER | ATTORNEY |
|---|---|---|---|
| Dated: 10/21/2010 Rec'd: | Ryan N. Shapiro | No | No |
| SUBJECT OF REQUEST | Andrew L. Stepanian, who he alleges to be "a leader of the militant animal rights/anti-animal experimentation organization Stop Huntington Animal Cruelty (SHAC)." | | |

**AGENCY RESPONSE:**

| DATE | ACTION | REV'D | RIF | RIP | WIF | REFERRED | OTHER |
|---|---|---|---|---|---|---|---|
| 2/24/2011 | FW Denial | | | | | | |
| FOIA | | | | | | PA | |
| SEARCH NOTES | | | | | | | |

**APPEAL:**

| DATE OF APPEAL | Dated: Rec'd: | AGENCY CONTACT | | PHONE NUMBER | |
|---|---|---|---|---|---|
| Fee Issues? | YES/NO | | Timely? | YES/NO | |
| ARGUMENTS ON APPEAL | Challenges FW denial.  Ex. 6 per FBI | | | | |
| DISCUSSION | Ramona was informed that the FBI is granting fee waivers where the request relates to animal liberation.  I confirmed with ███ regarding these three requests, and she in turn confirmed with Denny Argall, who stated "there should have been a fee waiver granted." | | | | |

| RECOMMENDATION | Close as moot. |
|---|---|

| REVIEWER COMMENTS | |
|---|---|
| DATE: | |

| ATTORNEY FOLLOW-UP TO REVIEWER COMMENTS | |
| --- | --- |
| DATE: | |

Marilyn Cunningham

Ryan N. Shapiro                              Appeal Nos. AP-2011-01818 & AP-2011-02228
**FBI fee waiver denial appeals**                                                August 3, 2011

| | | |
|---|---|---|
| **REQUESTS:** | 10/22/2010 & 02/15/2011 | Requester wants all records regarding Nicholas Cooney and Aaron Emerson Ross (living 3rd parties for whom requester has provided privacy waivers). He agrees to pay expenses, but is seeking a fee wavier. He is a PhD candidate working on his dissertation, which explores the nexus between national security and conflicts over animal use and protection. |
| **RESPONSES:** | 03/15/2011 & 05/25/2011 | The FBI denied the fee wavier requests. |
| **APPEALS:** | 03/10/2011 & 06/09/2011 | Requester addresses all four factors of the public interest prong of the statute. |
| **REVIEW:** | 08/03/2011 | Consulted with colleagues Patrick Deklotz and Ramona Fine, and confirmed with Denny Argall of the FBI, that the FBI has agreed to waive all fees for Mr. Shapiro's requests for records on animal rights activists. |

**RECOMMENDATION:**                 Inform requester that the FBI has decided to grant the fee wavier.