UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL SECURITY COUNSELORS, *et al.*, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:13-cv-00556 (RC) |
| DEPARTMENT OF JUSTICE, | * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DECLARATION OF KELLY MCCLANAHAN, ESQ.

I, KELLY MCCLANAHAN, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge and in opposition to Defendant's Motion for Summary Judgment (filed Sept. 17, 2013) and in support of Plaintiffs' Cross-Motion for Partial Summary Judgment or, in the Alternative, Discovery (filed Nov. 6, 2013).

2. I am Plaintiffs' counsel in this action. I also submitted the two requests at issue in Count 4 on behalf of Plaintiff National Security Counselors ("NSC"). I derive all information in this declaration from my business records and my personal recollection.

3. I submitted a request similar to Request No. 145-FOI-10719 on 10 May 2010, in which I requested copies of sworn declarations made by representatives of seven agencies in FOIA or Privacy Act cases between 2007-2010.[1] A copy of this request—assigned Request No. 145-FOI-10191—is attached as Ex. 1. This is the "almost identical . . . request in May 2010"

---

[1] This is identical to the later request at issue in this case, which sought the same records for the 2002-2006 time period.

Ex. B

referenced in the 17 October 2011 letter from James Kovakas of the Department of Justice Civil Division regarding Request No. 145-FOI-10719. (Dkt. #12-3 at 23.)

4. On 19 May 2010 Mr. Kovakas called me to discuss this request. In this conversation Mr. Kovakas argued that the responsive records were "publicly available" because the records had been filed in courts on the public record. I attempted to convince him that being scattered in courthouses across the country did not satisfy the requirement for "publicly available," even if they *were* accessible electronically through PACER (which was not always the case). I also argued to him that not all responsive records would have been filed on the public record because many agency declarations—especially from intelligence agencies—are filed *in camera* and *ex parte*. He offered me a chance to submit a supplemental letter justifying a fee waiver, which I accepted.

5. On 31 May 2010 I submitted a supplemental letter to Mr. Kovakas fleshing out the argument I had made on the telephone, although for a reason I cannot recall I omitted the argument regarding *in camera* filings. A copy of this letter is attached as Ex. 2.

6. On 9 July 2010 Mr. Kovakas denied NSC's request for a fee waiver for substantively the same reason as he denied the requests at issue in this case: "The disclosure of these already publicly available records would not increase the public's knowledge of the operations of the federal government which are clearly known to the public." A copy of this denial letter is attached as Ex. 3.

7. Mr. Kovakas and I eventually reached an agreement in which NSC would not appeal the fee waiver determination for this request and Mr. Kovakas would provide NSC with a list of cases for which Civil had responsive records.

8. After I filed Request Nos. 145-FOI-10718 and 145-FOI-10719, Mr. Kovakas called me on 14 October 2011 to discuss the requests. In that call Mr. Kovakas reminded me of his earlier determination and expressed surprise that NSC had filed more requests for this type of "publicly available" information. I explained to him that these requests were different because only a small fraction of the responsive records would be available electronically, since Electronic Case Filing was not implemented in a significant number of courts until approximately 2005. Therefore, I argued, even assuming *arguendo* that his previous argument regarding PACER had merit, it would not apply to these records. He expressed the opinion that he still considered the records to be "publicly available" for the same reasons as before, and we ended the discussion.

9. This discussion is the "call . . . on October 14, 2011" referenced in the 17 October 2011 letter from Mr. Kovakas regarding Request No. 145-FOI-10719. (Dkt. #12-3 at 23.)

I do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

Date: November 6, 2013

_____
Kelly McClanahan, Esq.