# NATIONAL SECURITY COUNSELORS

1200 SOUTH COURTHOUSE ROAD
SUITE 124
ARLINGTON, VA 22204

———

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in NY, DC)
   EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in IL, DC)
   EMAIL: BRAD@NATIONALSECURITYLAW.ORG

10 May 2010

James M. Kovakas
Freedom of Information/Privacy Act Officer
Civil Division
U.S. Department of Justice
Room 7304, 20 Massachusetts Avenue, NW
Washington, DC  20530-0001

Re:   FOIA Request – FOIA/PA declarations

Dear Mr. Kovakas:

   This is a request on behalf of National Security Counselors ("NSC") under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, for copies of **all sworn declarations made by agency representatives as part of certain FOIA or Privacy Act litigation between 2007-2010.**  This includes the respective *Vaughn* indices that would accompany such declarations, as well as all exhibits.  This request should be limited to only those cases in which one of the following agencies is a defendant: Central Intelligence Agency, National Security Agency, Defense Intelligence Agency, Department of Defense, DOJ, Federal Bureau of Investigation, and Department of State.  If it would simplify your search, you may also limit your search to only those cases for which FOIA or the Privacy Act was the primary cause of action.

   In line with the guidance issued by the DOJ on 9 September 2008 to all federal agencies with records subject to FOIA, agency records that are currently in the possession of a U.S. Government contractor for purposes of records management remain subject to FOIA.  Please ensure that your search complies with this clarification on the effect of Section 9 of the OPEN Government Act of 2007 of the definition of a "record" for purposes of FOIA.  Please also consider this letter an affirmative rejection of any limitation of your search to DOJ-originated records.

   If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law.  In excising material, please "black out" rather than "white out" or "cut out."  In addition, we draw your attention to President Obama's 21 January 2009 *Memorandum for the Heads of Executive Departments and Agencies*, directing federal agencies to adopt a presumption in favor of disclosure and stating that government information should not

McClanahan Decl. - Ex. 1

be kept confidential "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."

We are hereby requesting classification as a representative of the news media.  NSC is a non-profit organization under Virginia law, has the ability to disseminate information on a wide scale, and intends to use information obtained through FOIA in original works.  According to 5 U.S.C. § 552(a)(4)(A)(ii), codifying the ruling of *Nat'l Security Archive v. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989),

> the term 'a representative of the news media' means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.

NSC has clear intent to "publish[ ] or otherwise disseminate[ ] information to the public." *Id.* at 1386 (quoting the following legislative history: 1) "It is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected.  . . . In fact, *any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.*'" 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis in original quotation); 2) "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, *or other entity that is in the business of publishing or otherwise disseminating information to the public* qualifies under this provision." 132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation)).  Our website, where much of the information received through our FOIA requests is posted for all to review, can be accessed at http://www.nationalsecuritylaw.org.  In addition, we also intend to use information obtained through FOIA in our own published opinion editorials, journal articles, and the like.  I personally have already published information received through FOIA in this manner (Kel McClanahan, *A Perception Based Model for Comparing Intelligence Communities,* 25(2) AMER. INTELLIGENCE J. 46 (Winter 2007/2008) (includes material obtained through a CIA FOIA request)).  Therefore, in accordance with the Freedom of Information Act and relevant case law, NSC should be considered a representative of the news media.

We are also requesting a public interest fee waiver.  There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest.  Sworn declarations made in FOIA and Privacy Act cases are often the only way that requesters learn about how intelligence agencies process these requests, and by compiling a record of all the arguments and justifications made over a span of time, it will be possible to shine some light on this process, with the intent of hopefully reducing the need for unnecessary litigation, and therefore will clearly contribute to the public's understanding of government operations or activities.

In addition, with respect to the specific requirement that NSC must demonstrate an expertise in the subject area in order to satisfy the fee waiver criterion that disclosure of the requested information must contribute to the understanding of the public at large, I personally have worked for a national security law firm and served as Director of FOIA Operations for the James Madison Project for two years, have litigated several FOIA/PA cases, teach National

Security Law at the University of the District of Columbia, and recently received an LLM in National Security Law from Georgetown University Law Center.

The DOJ is required by law to respond to this request within 20 working days. Failure to timely comply may result in the filing of a civil action against your agency in United States District Court.

We request that any documents or records produced in response to this request be provided in electronic (soft-copy) form wherever possible. Acceptable formats are .pdf, .doc, .jpg, .gif, .tif. Please provide soft-copy records by email or on a CD if email is not feasible. However, NSC does not agree to pay an additional fee to receive records on a CD, and in the instance that such a fee is required, NSC will accept a paper copy of responsive records.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

                                            Sincerely,

                                            Kel McClanahan
                                            Executive Director