UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL  )
SECURITY COUNSELORS, *et al.*, )
 )
      Plaintiffs, )
 )
v. ) Civil Action No. 13-cv-0556 (TSC)
 )
DEPARTMENT OF JUSTICE, )
 )
      Defendant. )

## MEMORANDUM OPINION

Plaintiffs National Security Counselors ("NSC"), Jeffrey Stein, and Truthout initiated this action, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging certain fee-related policies and determinations of two components of the Department of Justice ("DOJ")—the Federal Bureau of Investigation ("FBI") and the Civil Division ("Civil"). Before the court are Defendant's Renewed Motion for Summary Judgment (ECF No. 34 (Def. Mem.)) and Plaintiff Jeffrey Stein's Cross-Motion for Summary Judgment (ECF No. 40 (Pl. Mem. & Opp'n)). Upon consideration of the parties' filings, and for the reasons stated herein, the court will GRANT Defendant's motion and DENY Plaintiff Stein's motion.

### I.     BACKGROUND

The facts of this case are set forth in more detail in the court's February 18, 2015 Memorandum Opinion regarding Defendant's Motion for Summary Judgment and Plaintiffs' Cross-Motion for Partial Summary Judgment or, in the Alternative, Discovery. ECF No. 27 (Mem. Op.). In that opinion, this court granted Defendant's motion, denied Plaintiffs' motion, and dismissed Plaintiffs' four-count Complaint in its entirety. Mem. Op. at 25; *see also* ECF No.

28 (Order, Feb. 18, 2015). Most relevant to the parties' current cross-motions, the court found that "the law and the undisputed facts" entitled Defendant to summary judgment on Count III of Plaintiffs' Complaint. Mem. Op. at 14–15.

In Count III, Plaintiffs challenged the FBI's interim release policy, which requires the electronic production of medium to large FOIA document requests on multiple CD-ROMs. *See* ECF No. 1 (Compl.) ¶¶ 41–67. Plaintiffs alleged that the FBI's practice of producing electronic documents in increments of 500 pages per CD, and at a cost of $15 per CD, results in excessive fees for FOIA requesters in violation of FOIA's fee provisions. *See* Compl. ¶ 64. In its February 18 opinion, this court found that the FBI's interim release policy, including its fee structure, was "consistent with its obligations under FOIA and applicable regulations." Mem. Op. at 14.

Plaintiff Stein appealed this court's decision on Count III, and the D.C. Circuit found that the FBI's interim release policy did "not result in a violation of FOIA's mandate that agencies recover only 'reasonable standard charges.'" *Nat'l Sec. Counselors v. United States Dep't of Justice*, 848 F.3d 467, 472 (D.C. Cir. 2017). However, the Circuit found that there remained "a genuine issue, foreclosing the entry of summary judgment, concerning whether the fees assessed by the agency exceeded its direct costs" of producing CDs. *Id.* at 472–73.

The Court noted that the FBI estimated its direct costs to produce one CD to be approximately $39.50—the amount it costs to employ an FBI employee to run the FBI's 50-minute security review program (the "Integrity program") prior to transferring documents onto a CD. *See id.* at 471; *see also* ECF No. 12-2 (First Hardy Decl.) ¶ 33(d) n.18. The Court found that summary judgment was not warranted on the record before it because it was unclear whether the FBI appropriately based its direct costs on the labor costs associated with running the 50-minute Integrity program, given the lack of information regarding "whether, and to what extent,

2

the 50-minute period for running the [Integrity] program involve[d] employee engagement rather than idle time." *Id.* at 472. Accordingly, the Court vacated this court's "grant of summary judgment with respect to Stein's claim" on Count III and remanded the case "for further proceedings consistent with [its] opinion."[1] *Id.* at 475.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. Dist. of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if "a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is genuine if "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (citing *Walker v. Washington*, 627 F.2d 541, 545 (D.C. Cir. 1980)).

---

[1] In addition to vacating and remanding this court's decision as to Plaintiff Stein, the Circuit affirmed this court's grant of summary judgment to Defendant on Plaintiff NSC's claims. *See Nat'l Sec. Counselors*, 848 F.3d at 475. Given the Circuit's decision, and the fact that Plaintiff Truthout declined to join in the appeal, Stein is the only plaintiff remaining in this case. Stein maintains that Plaintiff NSC alleged claims under Count III as well, and therefore remains a plaintiff in this case. Pl. Mem. & Opp'n at 9 n.8. But this court has already dismissed as moot Plaintiff NSC's claims under Count III. Mem. Op. at 8.

FOIA cases are "typically and appropriately . . . decided on motions for summary judgment." *Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011) (citation omitted). Upon an agency's request for summary judgment on the grounds that it has fully discharged its FOIA obligations, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester; only after an agency proves that it has fully discharged its FOIA obligations is summary judgment appropriate. *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citations omitted).

### III.  ANALYSIS

FOIA permits agencies to charge FOIA requesters "only the direct costs of search, duplication, or review." 5 U.S.C. § 552(a)(4)(A)(iv). On appeal, the D.C. Circuit found there was a genuine issue concerning whether the FBI's $15 fee per CD complies with this provision, and ordered Defendant to "provide a sufficient factual basis upon which the district court can make the determination that the fees assessed under its interim release policy do not exceed direct costs." *Nat'l Sec. Counselors*, 848 F.3d at 473. The Circuit stated that it did not "question the possibility that the agency will adequately demonstrate on remand that the FBI's labor (or other direct) costs under the interim release policy in fact equal or exceed $15 per CD," and noted that "the agency might be able to do so in short order." *Id.* This court finds that it has.

In support of its Renewed Motion for Summary Judgment, Defendant submitted a detailed, eight-page declaration from David M. Hardy, Section Chief of the Record/Information Dissemination Section in the FBI's Records Management Division. ECF No. 34-2 (Third Hardy Decl.). In his declaration, Hardy explains that the Integrity program enables the FBI to move records "from its FOIA Document Processing System ('FDPS'), which is a classified computer network on which records responsive to FOIA requests are processed, to a non-classified

4

computer network from which a CD can be prepared for release." Third Hardy Decl. ¶ 6. He further explains that the three major steps of the Integrity program process—document conversion, Integrity scan, and resolution of issues—all require employee engagement. *Id.* At the document conversion step, for example, FBI employees are solely responsible for converting documents released from FDPS into single-page text documents in preparation for the Integrity program's security scan. *Id.* ¶ 7. Such a conversion requires FBI employees to (1) export the released documents as multi-page TIF files, (2) rename the released documents and save them to a common shared drive, (3) convert each page of the released documents into a single-page text document, and (4) save each converted page onto the shared drive. *Id.* This level of employee engagement, Hardy explains, continues for the duration of the 50-minute Integrity program process. *See id.* ¶¶ 8–10 (providing a detailed account of employee engagement at the Integrity scan and issue resolution steps of the process). Hardy asserts that it this level of engagement that justifies and "underpin[s] the $15 assessed fee." *Id.* ¶ 13.

The Hardy Declaration sufficiently demonstrates that FBI employees are actively engaged for the duration of the Integrity program process, and in turn that the FBI justifiably calculates its direct costs for CD production based on the labor costs associated with conducting the 50-minute program. The FBI calculates its direct labor costs to be between $24.50 and $46.00 per CD, *id.* ¶ 14, which certainly exceeds the $15 it charges per CD. Accordingly, the court finds that the FBI's interim release policy, as implemented through the Integrity program, does not violate FOIA's requirement that an agency recover "only the direct costs of search, duplication, or review." 5 U.S.C. § 552(a)(4)(A)(iv).

Plaintiff Stein's arguments do not convince the court otherwise. Stein does not dispute that the FBI's direct costs of producing a CD exceeds the $15 it charges per CD. *See* Pl. Mem.

& Opp'n at 3 n.4 ("Plaintiffs will concede for the sake of argument that the direct costs of producing a CD using the process described by FBI exceed $15 per CD."); *see also id.* at 1 n.1 ("Plaintiffs have not filed a response to Defendant's Statement of Material Facts not in Genuine Dispute because they do not dispute any of the facts stated therein."). Nonetheless, he argues that this court should deny the government's motion and rule in his favor because the Integrity program process is unreasonably "convoluted" and "cumbersome." *Id.* at 9. Because the process is unreasonable, Stein argues, the direct costs associated with the process are also unreasonable, and therefore cannot serve as the "metric against which other arbitrary fees are measured." *Id.*

As a threshold matter, this court is prohibited from implementing the D.C. Circuit's remand mandate in a manner that exceeds the scope of the Circuit's decision. *See Indep. Petroleum Ass'n of Am. v. Babbit*, 235 F.3d 588, 597–98 (D.C. Cir. 2001) ("'an inferior court has no power or authority to deviate from the mandate issued by an appellate court'") (quoting *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948)); *see also Texas Oil & Gas Corp. v. Hodel*, 654 F. Supp. 319, 323 (D.D.C. 1987) ("And, while a district court may not 'ignore' any part of an appellate order on remand, it must scrupulously avoid implementing the mandate in a manner that exceeds, or limits, the scope of the appellate decision."). The Circuit ordered the FBI to "provide a sufficient factual basis upon which the district court can make the determination that the fees assessed under the interim release policy do not exceed direct costs," and remanded the case for "further proceedings consistent with [its] opinion." *Nat'l Sec. Counselors*, 848 F.3d at 473, 475. Thus, the only question before this court on remand is whether the FBI's fees exceed its direct costs. The Circuit confirmed this limited scope on August 11, 2017, when it denied Plaintiff Stein's motion to recall and modify its mandate. ECF

No. 40-1 (Circuit Order, Aug. 11, 2017). Stein argued that the Circuit should modify its mandate and "remove any limitation . . . on the District Court's ability to consider the reasonableness of FBI's direct costs." Document #1686437, *Nat'l Sec. Counselors v. Dep't of Justice*, No. 15-5117, at 5 (D.C. Cir. July 28, 2017). The Circuit declined to do so, and therefore this court is prohibited from considering the reasonableness of the FBI's direct costs.

Even if the issue of reasonableness was appropriately before this court, Stein has failed to demonstrate that the FBI's procedures, and therefore its direct costs, are unreasonable. Stein has not submitted an affidavit or declaration supporting his argument that the FBI's CD production process, and any direct costs associated with the process, are "unreasonable" and "bizarre." Pl. Mem. & Opp'n at 6, 9. Nor does he provide the court with details regarding what a proper, reasonable CD production process entails. Instead, he asserts, without any factual support, that the FBI's "process serves very little actual purpose," *id.* at 8, and is "unnecessarily complex and redundant," *id.* at 4.[2] Such conclusory allegations do not create a triable issue of fact. *See Public Citizen Health Research Group v. Food & Drug Admin*, 185 F.3d 898, 908 (D.C. Cir. 1999) ("As we have said many times before, '[i]t is well settled that [c]onclusory allegations unsupported by factual data will not create a triable issue of fact.'") (citations omitted). Therefore, even if this court were permitted to consider the reasonableness of the FBI's direct costs, Stein's allegations are insufficient to prevent entry of summary judgment in Defendant's favor.

---

[2] In support of his unreasonableness argument, Stein also references a transcript from a proceeding in *Nat'l Sec. Counselors v. Central Intelligence Agency*, No. 11-443-BAH (D.D.C. Dec. 16, 2011). *See* Pl. Mem. & Opp'n at 5. The court finds the discussion in the transcript inapposite. The transcribed proceeding concerned the *Central Intelligence Agency's* inability to produce electronic documents due to its production process. Here, Stein asks the court to find that the *FBI's* CD production process results in unreasonable direct costs.

For all of the above reasons, the court finds that the FBI has complied with the D.C. Circuit's order and provided "a sufficient factual basis" upon which this court can determine that the fees assessed under the FBI's interim release policy do not exceed the FBI's direct costs of CD production. Given Plaintiff Stein's concession that a sufficient factual basis exists, the court finds that there are no disputed issues of material fact and that Defendant is entitled to judgment as a matter of law on Count III.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant Defendant's Renewed Motion for Summary Judgment and deny Plaintiff Stein's Cross-Motion for Summary Judgment.

A corresponding order will issue separately.

Date:  March 31, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge